UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:11-CR-00061-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| | ) | ORDER |
| REGGIE ANDRE BECKTON | ) | |
| | ) | |

This matter is before the court on the government's motion for return of certain trial exhibits and for an extension of time to comply with the court's 20 August 2014 order, (DE # 286), and several of defendant's *pro se* filings, (DE ## 290, 293-95). Defendant's co-defendant filed a response to the government's motion, (DE # 287), and the government filed a response to one of defendant's filings, (DE # 292). All these filings pertain to defendant's request that property seized from him at the time of his arrest be returned to him.

During the pendency of his trial and subsequent appeal, defendant filed several motions for return of his property, which the court denied. On his most recent motion, (DE # 275), filed after the conclusion of the appellate process, and there being no opposition from the government, the court allowed it on 20 August 2014, directing the government "to return to defendant all of defendant's personal property which is in its possession (actual or constructive) within 30 days of the date of" the order, (DE #281). In response to that order, on 17 September 2014, the government filed the instant motion requesting that two trial exhibits, black glasses and a book bag, be returned to it and that it be allowed additional time to send these items to defendant. (DE # 286.)

Around this same time, the government also sent a letter to the Wilmington Police

Department, the law enforcement agency that arrested defendant. (DE # 292-1.) That letter states in relevant part:

> This letter is to notify you that the United States is exercising its common law right to offset the funds that you are currently holding in the above-referenced matter[, i.e., EDNC Case No. 7:11CR00061-001BR]. These funds should be paid to the United States District Court through this office for application to the debts owed to the government by this defendant.

(Id.) It also states that pursuant to this court's judgment, defendant was ordered to pay an assessment of $200 and restitution of $2,929, with those amounts remaining outstanding. (Id.) According to the court's Financial Services unit, on 4 November 2014, $121.38 was received from the Wilmington Police Department and applied towards the restitution defendant owes.

In the meantime, defendant's co-defendant filed her response to the government's motion, requesting that the book bag admitted into evidence be returned to her, rather than defendant. (DE # 287.)

> "In a postconviction Rule 41(e) proceeding, 'a criminal defendant is presumed to have the right to the return of his property.'" *United States v. Lindsey*, 202 F.3d 261, *1 (4th Cir. 2000) (per curiam) (quoting *United States v. Mills*, 991 F. 2d 609, 612 (9th Cir. 1993)). However, "[a] Rule 41[(g)] motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues.'" *United States v. Smith*, No. 1:01CR0007, 2007 WL 3475759 (S.D.W.Va. Nov. 13, 2007) (quoting *Mills*, 991 F.2d at 612). Furthermore, regardless of Rule 41(g), due to sovereign immunity concerns, a district court lacks jurisdiction to award damages for property destroyed by the government. *United States v. Jones*, 225 F.3d 468, 470 (4th Cir. 2000).

Hill v. United States, Civil Action No. 1:12CV92, 2013 WL 1192312, at *2 (N.D. W. Va. Mar. 22,

2013) (alterations in original).

Here, having reviewed the exhibit list from defendant's trial, (DE # 199), and the trial transcript, the only items admitted into evidence which might possibly be deemed personal property are glasses, Exhibit 64, and a book bag, Exhibit 60. The glasses were found on defendant's person at the time of his arrest, and the government offered them as evidence against defendant. (9/10/12 Tr., DE # 257, at 147; 9/11/12 Tr., DE # 258, at 8, 21, 34-35.) Although the Clerk is the custodian of all exhibits admitted into evidence, see Local Criminal Rule 55.1, because the government was the party who introduced it, the court will allow the government's motion for return of the glasses so that it may in turn deliver them to defendant. As for the book bag, it too was used as evidence against defendant. While defendant may have used the bag to store some of his personal items, (see 9/11/12 Tr., DE # 258, at 36-37), the uncontroverted testimony is the bag belongs to his co-defendant, (9/10/12 Tr., DE # 257, at 231-32). The court will allow the government's motion for return of this trial exhibit to it. However, it shall be returned to Shannon Lytle-Faidy, the rightful owner.

Regarding the money seized from defendant at the time of his arrest, (see 9/11/12 Tr., DE # 258, at 38), the court concludes that the government was in constructive possession of the funds, otherwise it would not have been able to exercise its right of setoff. See Marré v. United States, 117 F.3d 297, 303 (5th Cir. 1997) ("In order for the government to invoke its right of setoff, there must be mutuality of debts between the parties. Mutuality requires 'that the judgment creditor must be the same person (in the view of the law) as the party who owes the debt to be collected, and the government must be the same person to whom the debt is owed.'" (citations omitted)); United States v. Duncan, 918 F.2d 647, 654 (6th Cir. 1990) (affirming the district court's order

3

applying cash seized at time of the defendant's arrest to monetary penalties imposed as part of sentence and denying the defendant's motion for return of the cash). Because those funds were properly applied to pay defendant's monetary penalties, the only item which will be directed returned to defendant is his glasses. As for any other items seized from defendant, he will have to seek their return, if at all, from the Wilmington Police Department. See Hill, 2013 WL 1192312, at *3 ("'The Government cannot return property it does not possess, and therefore a motion for the return of property must be denied if the Government does not have possession of the sought-after property.'" (citations and alteration omitted)).

For the foregoing reasons, the government's motion is ALLOWED. The Clerk is DIRECTED to return to the government, Exhibits 60 and 64. Within 30 days, the government is DIRECTED to return Exhibit 60 to Shannon Lytle-Faidy (through her counsel of record) and Exhibit 64 to defendant at his address of record. To the extent defendant requests monetary sanctions against the government, (DE # 294), that request is DENIED.

This 23 January 2015.

_____
W. Earl Britt
Senior U.S. District Judge

4